**LITTLE PEOPLE'S SCHOOL, INC.,**
**Plaintiff, Appellee,**

v.

**UNITED STATES of America,**
**Defendant, Appellant.**

No. 87–1484.

United States Court of Appeals,
First Circuit.

Heard Nov. 4, 1987.

Decided March 29, 1988.

---

Teresa E. McLaughlin, Tax Div., Dept. of Justice, with whom Michael L. Paup and Robert S. Pomerance, Tax Div., Dept. of Justice, Michael C. Durney, Acting Asst. Atty. Gen., Washington, D.C., and Frank L. McNamara, Jr., Acting U.S. Atty., Boston, Mass., were on brief, for defendant, appellant.

Floyd H. Anderson with whom Goldstein, Burkin, Wennett and Carter, Boston, Mass., was on brief, for plaintiff, appellee.

Before CAMPBELL, Chief Judge, BREYER and TORRUELLA, Circuit Judges.

LEVIN H. CAMPBELL, Chief Judge.

The district court entered summary judgment against the United States in a suit brought by a taxpayer to recover erroneously paid federal unemployment taxes. The government appeals.

### I.

The taxpayer and appellee in this case is The Little People's School, Inc., a Massachusetts corporation that operates a school for deaf and aphasic children. As a nonprofit corporation, the school is exempt from federal income and unemployment taxes, *see* 26 U.S.C. § 501(c)(3) (1982), and is, therefore, not required to file returns for such taxes. Nevertheless, it mistakenly paid $13,816.72 in unemployment taxes for the tax years 1978–1981. On June 20, 1985, the school filed claims with the Internal Revenue Service for a refund of these payments. The IRS disallowed the claims as untimely; they were received after the expiration of the period for filing administrative refund claims that is provided by section 6511(a) of the Internal Revenue Code, 26 U.S.C. § 6511(a) (1982). In September 1986 the school brought this action in federal district court against the United States, seeking to recover its erroneous payments. The government moved to dismiss the action, arguing that the school's failure to have filed its administrative refund claim on time deprived the district court of jurisdiction. The district court denied the government's motion, ruling

that the limitations period for filing refund claims with the Treasury set out in Code section 6511(a) was inapplicable and did not have to be observed. The court ruled that the taxpayer's civil action could proceed—except with respect to taxes paid before June 20, 1979—since it had been commenced within the six years allowed generally for the bringing of "civil actions against the United States." 28 U.S.C. § 2401(a) (1982). The court subsequently granted the school's motion for summary judgment.

At issue in this appeal is whether the limitations period in section 6511(a) for filing refund claims with the Treasury applies to this taxpayer.[1] That section provides,

**Period of Limitation on filing claim.**—Claim for credit or refund of an overpayment of any tax imposed by this title *in respect of which tax the taxpayer is required to file a return* shall be filed by the taxpayer within 3 years from the time the return was filed or two years from the time the tax was paid, whichever of such periods expires the later, or if no return was filed by the taxpayer, within 2 years from the time the tax was paid. Claim for credit or refund of an overpayment of any tax imposed by this title which is required to be paid by means of a stamp shall be filed by the taxpayer within three years from the time the tax was paid.

26 U.S.C. § 6511(a) (1982) (emphasis added). The dispute here focuses on the meaning of the underscored prepositional phrase in the provision's first sentence, "in respect of which tax the taxpayer is required to file a return." The district court ruled that the effect of this language is to restrict the application of section 6511(a)'s first sentence to refund claims filed by taxpayers who in fact are required to file a return for the particular tax they claim to have overpaid. Because The Little People's School was exempt from unemployment taxes, and thereby not required to file a return, the court ruled that the timeliness of its admin-

istrative refund claim was not governed by section 6511(a).

## II.

The government makes a host of arguments on appeal. Its principal contention is that the district court erred by construing the first sentence of section 6511(a) in isolation, ignoring the structure and purpose of section 6511(a) itself, and of this section in context with related Code provisions. The government claims that the two sentences comprising section 6511(a), read together, reflect a division of the universe of administrative refund claims into (1) claims for taxes payable by return and (2) claims for taxes payable by stamp. Since unemployment taxes are payable by return, not by stamp, refunds for overpayments thereof are governed by the limitations set forth in the first sentence of section 6511(a). The government acknowledges that its understanding of the disputed phrase is obtained by reading it as if "the" were "a," to wit, "in respect of which tax *a* taxpayer is required to file a return."

While conceding that section 6511(a) "accommodates" the district court's interpretation, the government submits that only its own construction is plausible when the section is read in context with other Code provisions. It points particularly to section 7422(a), which we discuss more extensively below. In brief, the government argues that since section 7422(a) establishes an administrative refund claim as a prerequisite to bringing a civil suit for a tax refund, it only makes sense to interpret the limitations in section 6511(a) as pertaining to all such refund claims. The government also maintains that the district court's construction of section 6511(a) undermines the proper function of a statute of limitations, namely, dismissing stale claims without regard to their substantive merit. Because the district court's construction would require a court in a refund suit to make a preliminary inquiry into whether the plain-

---

1. It is clear that if the school was subject to section 6511(a), its failure to have filed its refund claim with the Treasury within the statutory period barred the district court from entering taining this suit for recovery of the tax. *See Rosenbluth Trading, Inc. v. United States,* 736 F.2d 43, 47 (2d Cir.1984).

tiff-taxpayer were required to file a return —an inquiry often tantamount to an inquiry into the claim's merits—the court's interpretation is said to subvert the effective operation of section 6511(a). In addition to these two arguments, the government also asserts that its proposed interpretation of section 6511(a) is supported by the statute's legislative history, the Treasury regulation promulgated thereunder, the text of the precursor statute, and the rule that statutes waiving sovereign immunity must be strictly construed.

The position of The Little People's School is simple. Section 6511(a) "could not be clearer." The section sets administrative limitations periods for only two categories of refund claims: claims for overpayments of taxes for which *the* taxpayer (*i.e.,* the very taxpayer in question) is required to file a return, and claims for overpayments of taxes payable by stamp. The statute simply does not speak to the situation where a taxpayer overpays taxes when it is not, itself, required to file a return. The school rests its case on the "obvious" difference between "the" and "a," noting that while Congress might have enacted a different limitations statute—perhaps one more in accordance with the government's notions of administrative convenience and reasonableness—it did not. In support of its position, the school invokes numerous judicial renditions of the so-called "plain meaning rule."

### III.

Doubtless, the most "natural" meaning of the first sentence of section 6511(a), read in isolation, is the one urged upon us by The Little People's School. However, the provision can also be read as the government urges, and that reading is far more plausible in light of the rest of the Tax Code.

■ The school's position suffers from interpreting a single sentence in isolation. A court must always interpret a statutory provision with reference to its context within the statute itself. The process by which legislation becomes binding law is not a piecemeal one; statutes are not passed sentence by sentence, or clause by clause. It follows that a court's interpretation of a single provision necessitates consideration of the statute in its entirety, deriving the meaning of a part from the whole of the words and phrases that the legislature declared to be the law. In view of this principle we are persuaded, notwithstanding our regard for the plain meaning rule and its able champion in this case, that the government's interpretation of section 6511(a) is correct.

■ To establish the relevant statutory context, we turn to section 7422 of the Code, the concern of which is unambiguously declared in its title, "Civil actions for refund." Subsection (a) thereunder is entitled, with equal certainty, "No suit prior to filing claim for refund." That subsection provides in relevant part,

> **No suit prior to filing claim for refund.** —No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax ... until a claim for refund or credit has been duly filed with the Secretary or his delegate, according to the provisions of law in that regard, and the regulations of the Secretary or his delegate established in pursuance thereof.

26 U.S.C. § 7422(a) (1982). This provision admits of but one interpretation: the proper filing of an administrative refund claim is a condition precedent to bringing suit in court for a refund. "No suit" means no suit.

Section 7422(a)'s explicit requirement of a prior refund claim in *all* cases exposes the weakness of the school's reading of section 6511(a). In arguing that section 6511(a) applies only to a limited class of administrative refund claims (those brought by taxpayers required to file returns and none others), the school mentions no alternative provision that would limit the period for bringing administrative refund claims where such claims were brought by taxpayers such as itself (*i.e.,* taxpayers not required to file returns). Rather, the school's position seems to be that refund claims brought by taxpayers such as itself *are subject to no adminis-*

*trative limitations period whatsoever.* This reading of the Code makes little sense. It is unlikely that Congress would have enacted a statute mandating the filing of an administrative claim as a prerequisite to a civil action while at the same time intending the only statute of limitations relating to administrative claims to exempt a certain class of these claims from its coverage.

The most reasonable way to harmonize section 6511(a) with section 7422(a) is to interpret the disputed phrase in section 6511(a)'s first sentence as applying to *all* taxes payable by return, reading the provision's reference to "the taxpayer" as a reference to a generic taxpayer (*i.e.*, "a taxpayer"), and not to the particular taxpayer seeking a refund in a particular instance. While such an interpretation rejects what is perhaps the most natural meaning of section 6511(a)'s first sentence read in isolation, it is an acceptable alternative reading, and it enables section 6511(a) to complement in a sensible fashion the "no suit without claim for refund" command of section 7422(a).

In reaching this conclusion we are persuaded not only by the need to harmonize sections 6511(a) and 7422(a) but also by the government's argument about the proper function of a statute of limitations. It would indeed be a perverse statute of limitations that would operate in accordance with the school's favored interpretation of section 6511(a), that is, by requiring the decisionmaker (either a district court or the IRS) to determine whether a taxpayer was required to file a return in order to determine whether the taxpayer was covered by section 6511(a)'s limitations period. The government aptly points out that such an inquiry often implicates the claim's merits.[2] For example, in regard to the particular tax at issue here, the federal unemployment tax, a putative taxpayer is required to file a return "for each calendar year with respect to which he is an employer as defined by [a collateral regulation]." Treas.Reg. § 31.6011(a)–3(a) (as amended in 1972). If the school's interpretation were correct, the decisionmaker would have to determine that a taxpayer seeking a refund met the regulatory definition of "employer" before deciding whether section 6511(a) applies. It is a taxpayer's status as an "employer" that makes it subject to unemployment taxes in the first place. *See* 26 U.S.C. § 3301 (1982).

The unemployment tax is by no means unique in this respect. Indeed, the very structure of a self-assessing tax system is premised on the equation of tax liability and the obligation to file a return. *See* 26 U.S.C. § 6011(a) (1982) ("When required by regulations prescribed by the Secretary *any person made liable* for any tax imposed by this title ... *shall make a return* ... according to the forms and regulations prescribed by the Secretary.") (emphases supplied). In short, under our tax law, whether a taxpayer is required to file a return is generally the same question as whether a taxpayer is liable for a particular tax. We doubt Congress intended a statute of limitations requiring a threshold determination that so often would resemble an inquiry into a claim's merits.[3]

## IV.

■ Because the filing of a timely refund claim is a jurisdictional requirement, we conclude that the district court lacked

---

**2.** We recognize that in this case the IRS had agreed that the school was not liable for unemployment taxes—and therefore did not have to file a return. We also recognize that in some cases only the *amount* of liability will be disputed, and the question of whether the taxpayer had to file a return is an easy one. But common sense suggests that in a significant number of refund cases the key question will be whether the tax was owed *at all.* It is in these cases that the "return issue" and the "merits issue" converge.

**3.** Both the legislative history of section 6511(a), *see* S.Rep. No. 1622, 83d Cong., 2d Sess. 586, *reprinted in* 1954 U.S.Code Cong. & Admin. News 4621, 5235, and the Treasury regulation promulgated under section 6511(a), Treas.Reg. § 301.6511(a)–1 (as amended in 1983), unmistakably support the government's interpretation of this provision. Although we do not rely on these sources in making our own decision about the section's meaning, their certainty reassures us of the reasonableness of our conclusion.

jurisdiction to entertain this suit. *See Rosenbluth Trading, Inc. v. United States,* 736 F.2d 43, 47 (2d Cir.1984).

*The judgment of the district court is reversed and the case is remanded with instructions to dismiss.*