**MNOPF TRUSTEES LIMITED, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

**MERCHANTS NAVY RATINGS PENSION FUND TRUSTEES LIMITED, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

**Nos. 93–504T, 93–505T.**

United States Court of Federal Claims.

July 28, 1995.

George J. Noumair, Whitman, Breed, Abbott & Morgan, New York City, for plaintiff.

William Charles Rapp, U.S. Dept. of Justice, Tax Div., Claims Court Section, Washington, DC, for defendant.

*Order*

The parties in these actions, which were consolidated on February 3, 1994, have cross-moved for summary judgment on the question of when, under Internal Revenue Code ("Code") § 6611, codified at 26 U.S.C. § 6611,[1] interest begins to run on the Inter-

---

1. Statutory and regulatory citations are to the provisions of the Internal Revenue Code, codified at title 26 of the United States Code, 26 U.S.C. (Code), and the regulations promulgated thereunder, codified at title 26 of the Code of Federal Regulations, 26 C.F.R. (Treas.Reg.), that were in effect during the years at issue.

nal Revenue Service's ("IRS's") refunds of plaintiffs' prepaid income taxes withheld at the source pursuant to § 1442, when plaintiffs were exempt from income taxation under § 501(a) and from filing a return under § 6012 and the regulations thereunder, *see* Treas.Reg. § 1.6012–2(g)(2)(i)(a).

Defendant argues, relying on the rule of 26 U.S.C. § 6611(b)(3) and case law regarding the application of a similar provision, *e.g., Little People's School v. United States*, 842 F.2d 570 (1st Cir.1988), that (1) interest does not begin to run until a "late return[ ]" is actually filed; (2) plaintiffs were exempt and thus filed no return, other than refund requests, on return forms; and (3) the refund requests were filed late, because they were filed after the dates that returns would have been due had plaintiffs not been exempt from filing returns; therefore, interest does not begin until the refund claims were filed.

The court concludes that § 6611(b)(3) is inapplicable to plaintiffs because they simply did not file a late return. Rather, the overpayment consisted of prepaid income taxes (prepaid by withholding at the source), *see* § 6611(d), so the date of the "overpayment" for purposes of determining the date from which interest shall be paid under § 6611(a) must be determined by § 6513(b)(3) (providing that taxes withheld at the source pursuant to § 1442 are deemed paid on the last day prescribed for filing the return under § 6012 regardless of whether the taxpayer is exempt from filing under regulations promulgated pursuant to § 6012, *see* Treas.Reg. § 1.6012–2(g)(2)(i)(a)).

### Facts

The following material facts are not at issue.

Plaintiffs MNOPF, Trustees Ltd. ("MNOPF") and Merchants Navy Ratings

Pension Fund Trustees Ltd. ("Ratings") (collectively, the "funds") are each trustees of pension funds benefiting officers and seamen, respectively, in the British merchant marine. The funds invested a portion of their assets in stock in United States corporations. From 1985 to 1989, various United States banks acted as custodians of such stock. The banks received payments of income (dividends) with respect to these shares, and, as required by § 1442 of the Internal Revenue Code, withheld certain amounts (thirty percent) from the payments to plaintiffs, and remitted such amounts to the IRS.

Between December 1987 and August 1988, plaintiffs filed various refund requests, on Form 843, for 1985 and 1986.

In August 1988, the funds applied (on Form 1024) for recognition of tax exemption under § 501(a). Cross–Mot.App. 80. On December 14, 1989, plaintiffs received letter rulings from the IRS finding them to be exempt under § 501(a) from income tax, as labor organizations described in § 501(c)(5).

Also in December 1989, the funds filed Forms 990–T, "Exempt Organization Business Tax Return," which they denominated "Amended Claim[s] for Refund," seeking refund of the taxes withheld in 1985 and 1986. MNOPF Complaint Ex. F, G; Ratings Complaint Ex. I, J. Rating also filed a Form 990–T for 1987. Ratings Complaint Ex. L. MNOPF filed a Form 990–T for 1987 in April 1990. (This Form 990–T also was presented as an "Amended Refund Claim," MNOPF Complaint Ex. H, although MNOPF had filed no prior claim, on *any* form, with respect to that year.) In June 1990, the funds submitted tax refund claims on Form 990–T returns for 1988 and 1989. MNOPF Complaint Ex. I, J; Ratings Complaint Ex. M, N.[2]

---

**2.** Much of the briefing concerned which return form should have been filed. Form 843 states "If your claim is for an overpayment of income taxes, do NOT use this form[.] (See instructions[.]) (Use this form ONLY if your claim involves one of the taxes shown on line 8 or a refund or abatement of interest or penalties.)" Line 8 ("Type of tax or penalty") contains check-off boxes for employment, estate, excise, gift, stamp, or penalty. None of these boxes was checked by plaintiffs, who instead wrote in

"withholding," without specifying what kind. Complaints Ex. A, B. Further, plaintiffs' returns did not state the grounds for the claimed exemption from filing a foreign corporation return, or that they were relying on tax exemptions under § 501(a) as the basis for the refund.

Refund requests for the return of overwithheld corporate *income* taxes are required to be filed on the appropriate income tax return form, Form 1120–F. As tax-exempt organizations that had

In March 1991, the IRS refunded in full the principal amount of the taxes that had been withheld and remitted by the banks on behalf of the funds for taxable years 1985 to 1989. Interest on each year's amount was paid beginning on the date the IRS received the refund claim on Form 990–T for that year. *See* MNOPF Complaint Ex. K–O; Ratings Complaint Ex. O–S.

Plaintiffs then, on July, 12, 1991, filed refund claims on Form 843, apparently the proper return for claims for refund of interest, *see supra* note 2, for additional interest running "from the date the tax was paid or deemed paid" by the banks to the IRS on their behalf. The claims were disallowed on August 20, 1991. MNOPF Complaint Ex. P, Q; Ratings Complaint Ex. T, U. Plaintiffs timely filed suit here on August 12, 1993.

*Discussion*

■ There is no general right to interest on payments due from the government. Rather, the presumption is that, unless the government expressly has waived its sovereign immunity, interest (like any other charge against the government as to which immunity has not been waived expressly) may not be paid. *See Library of Congress v. Shaw*, 478 U.S. 310, 314, 106 S.Ct. 2957, 2961, 92 L.Ed.2d 250 (1986). Moreover, waivers of sovereign immunity must be narrowly construed in favor of the government. *See Ardestani v. INS*, 502 U.S. 129, 137, 112 S.Ct. 515, 520–21, 116 L.Ed.2d 496 (1991); *OPM v. Richmond*, 496 U.S. 414, 425, 110 S.Ct. 2465, 2472, 110 L.Ed.2d 387 (1990); *United States v. Sherwood*, 312 U.S. 584, 589, 61 S.Ct. 767, 771, 85 L.Ed. 1058 (1941).

■ The statute regarding interest payments by the IRS, however, mandates

("shall") that interest be allowed upon an "overpayment." 26 U.S.C. § 6611(a). When the overpayment that triggers the running of interest occurs, or is deemed to occur, depends on the type of payment involved, and the timing of that payment in relation to the due date of the corresponding return. When a return is filed late, interest runs from the date of actual *filing* of the return. *See* 26 U.S.C. § 6611(b)(3) (providing that "in the case of a return of tax which is filed after the last date prescribed for filing such return (determined with regard to extensions), no interest shall be allowed or paid for any day before the date on which the return is filed").

In the case of an early return or advance payment of tax, defined as payment of any portion of the tax before the last day prescribed for the payment of the tax, "payment of the tax shall be considered made on such last day." 26 U.S.C. § 6513(a) (incorporated by reference into § 6611(d)).

Plaintiffs argue that § 6611(b)(3) does not, as defendant contends, apply to them, because Treas.Reg. § 1.6012–2(g)(2)(i)(a) exempted them, as foreign entities whose tax liability was satisfied by withholding at the source, from the § 6012 requirement of having to file tax returns; therefore there were no returns due, and there could be *no* "last date prescribed" for filing their returns. Plaintiffs contend that the date of overpayment for purposes of § 6611 is the date the banks made the overpayment or the date the banks' payments (returns) were due, rather than, as they contended initially in this court, the dates that reports on 990–T would have been due if they had been required to file them.

Defendant's position is that the date of overpayment for purposes of computing

not yet applied for recognition of their exemption under § 501(a), and had no unrelated business income, plaintiffs were not required to file either a tax return on Form 990–T, *see* Treas.Reg. § 1.6012–2(g), or the information return (on Form 990) required of all § 501(a) exempt organizations, even if not recognized as exempt, once an application for exemption is filed. *See* I.R.Code § 6033(a)(1) (requiring tax exempt organizations not described in § 6033(a)(2)) (plaintiffs are not) to file information returns on Form 990); *see also* Treas.Reg. § 1.6033–2(a)(1).

Thus, plaintiffs' suggestion that the government was arbitrary in requiring forms other than Form 843 does not appear to be well-taken. Furthermore, the form required by the IRS and ultimately filed and processed (the Form 990–T) also was inapplicable to these circumstances, even after plaintiffs' § 501(a) tax exemption was recognized. Rather, the refund claims should have been filed on Form 1120–F, the return form for foreign corporations, because the overpayment was by a withholding that would have to be credited against plaintiffs' taxes due (if any), under § 881.

plaintiffs' interest attributable to that overpayment is the date when the return on Form 990–T containing the refund request was filed. (Defendant obviously cannot argue that the date is determined by § 6611(b)(3), *i.e.,* the date the *"late"* return actually was filed, because *no* "late" return, *i.e.,* no return required by § 6012, was *ever* filed.)

The court agrees with plaintiffs that § 6611(b)(3) does not apply in this case, not precisely because no late return was filed, but because another provision in § 6611, ignored by both parties, clearly establishes when interest begins to run under these circumstances. Specifically, I.R.Code § 6611(d) provides that, in the case of "[a]dvance payment of tax, payment of estimated tax, and credit for income tax withholding," the provisions of § 6513 are applicable in determining the date of payment for purposes of § 6611(a) (*i.e.,* the date of "overpayment" under § 6611(a)). *See also* Treas.Reg. § 301.6611–1(d).

In the case of an "advance payment" of tax, the date of overpayment is governed by § 6513(a) ("Early return or advance payment of tax").

When the payment or overpayment is a "payment of estimated tax [or a] credit for income tax withholding," on the other hand, § 6513(b) ("Prepaid income tax") applies. One paragraph of § 6513(b) clearly covers plaintiffs' situation:

> [a]ny tax withheld at the source under chapter 3 [this includes § 1442] shall, in respect of the recipient of the income, be deemed to have been paid ... on the last day prescribed for filing the return under section 6012 for the taxable year ... with respect to which such tax is allowable as a credit under section 1462. For this purpose, any exemption granted under section 6012 from the requirement of filing a return shall be disregarded.

§ 6513(b)(3). The only exemption from filing specifically permitted under § 6012, by regulations promulgated by the IRS, is for nonresident alien foreign individuals and foreign corporations subject to the taxes imposed by §§ 871 and 881, respectively. The regulations under § 6012 include the exemption

from filing relied upon by plaintiffs here, Treas.Reg. § 1.6012–2(g)(2)(i)(a), exempting a "foreign corporation which at no time during the taxable year is engaged in a trade or business in the United States ... [whose] tax liability for the taxable year is fully satisfied by the withholding of tax at source under chapter 3" from having to file a return.

■ In sum, plaintiffs' taxes withheld at the source under § 1442 were deemed paid under § 6513(b)(3) and § 6611(d)—and therefore overpaid under § 6611(a)—on the last day prescribed for filing the returns required by § 6012 with respect to which the payments by the banks would have been allowed as a credit pursuant to § 1462, *i.e.,* the returns required for the return of taxes imposed by § 881 on "the amount received from sources within the United States by a foreign corporation ... to the extent the amount so received is not effectively connected with the conduct of a trade or business within the United States," § 881(a), were plaintiffs not exempt from the § 6012 requirement to file a return.

Thus, the statute at § 6611(d), incorporating § 6513(b)(3) for purposes of determining the date of payment triggering the government's obligation under § 6611(a) to pay interest, *precisely* applies to plaintiffs' situation. Therefore, interest must commence on the last date prescribed for filing plaintiffs' returns of the taxes imposed by § 881 for each of the taxable years at issue were plaintiffs not exempt from filing those returns pursuant to legislative regulations mandated by § 6012(a). *See Commissioner v. Portland Cement Co.,* 450 U.S. 156, 169, 101 S.Ct. 1037, 1045–46, 67 L.Ed.2d 140 (1981) (IRS's legislative regulations entitled to greater weight).

Plaintiffs argue that the date their returns would have been due, were they not exempt from filing, should be determined with reference to § 6072(e), which applies to tax-exempt organizations, and requires that they file their returns (on Form 990–T) by the fifteenth day of the fifth month following the close of their fiscal year (which plaintiffs contend was December 31).

The court concludes, however, that the return referred to by § 6513(b)(3) and § 6012, that plaintiff is exempt from filing (by virtue of the full withholding at the source) is the Form 1120–F required of foreign corporations, rather than the Form 990 required of tax-exempt organizations with unrelated business income. (Exempt organizations without such income, like plaintiffs, need only file information returns, on Form 990.)[3] Under § 6072(c), foreign corporations must file their returns on Form 1120–F by the fifteenth day of the sixth month after the close of their fiscal year. Plaintiffs apparently operated on a fiscal year ending March 31, rather than a calendar year. (Plaintiffs' Forms 990 and 1024, and the IRS letters approving their applications for exempt status, all recite this fiscal year. Cross-Mot. App. 74, 77, 80–84.)[4] Therefore, interest on the overpayments began to run on September 15, the fifteenth day of the sixth month following the end of plaintiffs' fiscal year, on March 31.

### Conclusion

For the reasons stated above, plaintiffs' motion for summary judgment is granted and defendant's motion is denied. The parties shall, within thirty days of the date of this order, file a joint status report stipulating the amount of interest due each plaintiff. If the report indicates agreement on such amounts, the Clerk shall enter judgment for plaintiffs in such amounts. No costs.

/s/ Diane Gilbert Weinstein

Diane Gilbert Weinstein

Judge, U.S. Court of Federal Claims

---

3. Plaintiffs' status as tax-exempt organizations appears to be a red herring, since it is merely the reason for the overpayment. Thus, for example, had the overpayment been due to an arithmetical error, there would be no question but that the proper return form would be the Form 1120–F. The reason for the overpayment, in short, is not relevant to which return form must be used.

4. That the refund claims calculated the amounts withheld on a calendar-year basis does not establish plaintiffs' method of operation.