**MNOPF TRUSTEES LIMITED and Merchants Navy Ratings Pension Fund Trustees Limited, Plaintiffs/Cross–Appellants,**

v.

**The UNITED STATES, Defendant–Appellant,**

**Nos. 96–5026, 96–5027.**

United States Court of Appeals, Federal Circuit.

Aug. 27, 1997.

Before RICH, NEWMAN, and RADER, Circuit Judges.

PAULINE NEWMAN, Circuit Judge.

MNOPF Trustees Ltd. and Merchants Navy Ratings Pension Fund Trustees Ltd. (collectively "Merchants Navy") are trustees of pension funds of the British merchant marine. As labor organizations they are exempt from income taxation under 26 U.S.C. §§ 501(a) and 501(c)(5). They are foreign entities and have no business income in the United States, and thus are not required to file a United States income tax return.

The issue is the date of accrual of the United States' interest obligation on moneys that were unnecessarily withheld from dividend payments to Merchants Navy, paid to the Internal Revenue Service, and eventually refunded to Merchants Navy. The Service held that interest accrued from the date the refund claims were filed on tax Form 990–T, a form for reporting unrelated business income of tax-exempt foreign organizations. Merchants Navy states that interest accrued no later than the date the withheld moneys were deemed paid to the Service; that is, the date prescribed for the filing by the custodian banks of their tax returns reporting the withholding. The Court of Federal Claims ruled[1] that interest accrued from the date Merchants Navy would have filed a tax return on Form 1120–F, the form filed by a taxable foreign corporation to report taxable income, if Merchants Navy had been required to file such a form; that is, six months after the close of Merchants Navy's fiscal year. Both sides appeal.

We agree with Merchants Navy and conclude that interest accrued from the date prescribed for the custodian banks' filing of the annual returns reporting the withholding tax payments that were made on behalf of these foreign tax-exempt organizations. These returns were due no later than March 15 of the year following the calendar year for which the sums were withheld. The judgment of the Court of Federal Claims is modified accordingly. We remand for recalculation of the interest owed and payment thereof.

John V. Thornton, Whitman Breed Abbott & Morgan, New York City, argued, for plaintiffs/cross-appellants. On the brief was George J. Noumair.

Charles Bricken, Attorney, Tax Division, Department of Justice, Washington, DC, argued, for defendant-appellant. With him on brief were Loretta C. Argrett, Assistant Attorney General, Gary R. Allen, Chief, Appellate Section, and Gilbert S. Rothenberg, Attorney.

1. *MNOPF Trustees Ltd. v. United States,* 33 Fed. Cl. 755 (1995).

## BACKGROUND

Merchants Navy's only activity in the United States was to invest in the securities of United States corporations. Various banks in the United States acted as custodians for these investments, and received dividends on behalf of Merchants Navy. In accordance with I.R.C. §§ 1441 and 1442,[2] the custodian banks withheld thirty percent of the dividends and transmitted these withholdings at least quarterly to the Internal Revenue Service. The custodian banks were required by Treasury Regulation § 1.1461–2(b)(1) to file an annual return on Form 1042. These returns were due by March 15 of the ensuing year. The withholding agent must report the amounts withheld and name the recipients on whose behalf the withholding was made. Since Merchants Navy was exempt from United States income tax, in accordance with I.R.C. §§ 6511(a) and 6611(a) it was entitled to a refund of the moneys withheld, with appropriate interest. The refund is not in dispute; the only issue is the date from which interest accrued.

In December 1987 Merchants Navy filed claims for refund of the withholding on dividends paid in 1985 and 1986. These claims were filed on Form 843, entitled "Claim for Refund and Request for Abatement." The Service returned the claim forms unprocessed on June 1, 1988, stating: "A return must be filed to claim the refund, even if in past years you have received refunds by filing only Form 843 without a return." The Service treated the filing on Form 843 as sufficient to toll the statute of limitations, I.R.C. § 6511(a), but stated that it was no longer usable to claim a refund. The Service advised Merchants Navy that it should file Form 1120F, entitled "U.S. Income Tax Return of a Foreign Corporation."

Merchants Navy did not agree that it should file Form 1120F and so informed the Service, stating that "as a foreign pension fund not engaged in trade or business in the U.S., MNOPF was not required to file a U.S. tax return." Instead, Merchants Navy used Form 990–T, "Exempt Organization Business Income Tax Return," designating the forms as claims for refund. By transmittal letter Merchants Navy explained its use of Form 990–T:

> [This 990–T form] is being filed solely for the purpose of claiming a refund of United States taxes withheld on dividends received by the taxpayer. We are unaware of any income taxable to the taxpayer under section 511 of the Internal Revenue Code, but we have relied on Revenue Announcement 88–78 relating to erroneous back-up withholding, even in the absence of section 511 income, as an authority justifying the use of Form 990–T in the present circumstances. We have not used Form 1120 or Form 1120F, because our client is a United Kingdom pension fund, not a corporation, and because our client is not required to file United States income tax returns.

Letter of December 28, 1989.

The Service accepted the claims on Form 990–T, although Merchants Navy had neither unrelated business income nor back-up withholding.[3] In March 1991 the Service refunded the principal amount of the withheld dividends for the five tax years at issue, 1985 through 1989. Interest was paid from the date the Service received the claims on Form 990–T. The Service explained that it viewed these forms as untimely filed tax returns:

> Section 6611 of the Internal Revenue Code states if a refund of an overpayment is not issued within 45 days of the due date of the return or if filed late, within 45 days of the date the return was filed, then the interest will begin to accrue on the due date or the date the return was actually filed.

> Since these returns were not filed timely, interest began on the date that the Internal Revenue Service received these returns.

Letter of April 19, 1991.

Merchants Navy objected, asserting that interest was owed from the date the withheld amounts were paid to the Service by the custodian banks on Merchants Navy's behalf.

---

**2.** Statutory and regulatory citations are to the Internal Revenue Code, 26 U.S.C., and the regulations promulgated thereunder, 26 C.F.R., as in effect during the tax years at issue.

**3.** Merchants Navy points out that there is still no form prescribed for use by an exempt organization that has been improperly subjected to withholding.

The Service disagreed, and Merchants Navy brought suit in the Court of Federal Claims. The court determined that interest accrued from the date prescribed for the filing by Merchants Navy of a tax return had it not been exempt from tax; that is, from the fifteenth day of the sixth month after the close of Merchants Navy's fiscal year.

## DISCUSSION

■ The case was decided on cross-motions for summary judgment. Summary judgment is appropriate where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Anderson v. Liberty Lobby*, 477 U.S. 242, 255, 106 S.Ct. 2505, 2513–14, 91 L.Ed.2d 202 (1986). No facts are in dispute; the issue is one of interpretation of statute and regulation; thus we give the matter plenary review. *Gump v. United States*, 86 F.3d 1126, 1127 (Fed.Cir.1996).

### A

■ The Service is liable for interest on the withheld money that it received from the custodian banks. The statute is written in terms of refunded overpayment of tax, and requires that interest be paid "from the date of the overpayment." I.R.C. § 6611(b)(2). The date of overpayment is generally deemed to be the date prescribed for filing a return, *see, e.g.*, I.R.C. §§ 6513(b)(2) & (3); Treas. Reg. § 1.6320–2(b)(5), unless the return is filed late, in which event interest accrues from the date the return was filed:

> § 6611(b)(3) **Late returns.**—Notwithstanding paragraph (1) or (2) in the case of a return of tax which is filed after the last date prescribed for filing such return (determined with regard to extensions), no interest shall be allowed or paid for any day before the date on which the return is filed.

The Service's position is that § 6611(b)(3) limits interest accrual to the date the refund claims were filed by Merchants Navy on Form 990–T, the Service treating each refund claim on Form 990–T as a late-filed return. The argument appears to be that since Merchants Navy filed Form 990–T, a tax return form, Merchants Navy should be deemed to have filed an income tax return, and to have filed it late. The Service argues that the refund claim on Form 990–T was properly treated as a late tax return under § 6611(b)(3) because "[a] date may be 'prescribed' for filing a tax return even though, in a particular taxpayer's case, no return may be required (as where, for example, the taxpayer does not have sufficient income)." Government brief at 8. The government points out that it should not be liable for interest until notified by a tax return that there has been an overpayment, citing S.Rep. No. 97–494, Vol. 1, at 307 (1982), *reprinted in* 1982–2 U.S.C.C.A.N. 781, 1049.

The government relies on *Little People's School, Inc. v. United States*, 842 F.2d 570 (1st Cir.1988) in support of this proposed application of § 6611(b)(3) to limit the interest paid by the government. In *Little People's School* the exempt taxpayer mistakenly paid unemployment taxes for 1978–1981, but did not file a refund claim until 1985. The First Circuit ruled that even though the school was not required to file a tax return it was subject to the statutory limitations period for claiming a refund, that is, "within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires the later." I.R.C. § 6511(a). The government argues that since *Little People's School* measures the limitations period from the date a tax return would have been filed if one had been required, interest should run from the date the refund claim was filed by Merchants Navy, even when no tax return was required. We do not view the analogy as apt. Merchants Navy is not concerned with a limitations date, but with interest for the use of its money by the government. In the detailed regulatory and prescriptive usages of the tax laws, the period of limitations does not determine the Treasury's obligation to pay interest when there is no issue of limitations.

The Service also cites Treasury Regulation § 301.6402–3(a)(1) to support the argument that Merchants Navy was required to file income tax returns in order to recover the withheld amounts and interest, and thus that the rules of late-filed returns govern the payment of interest:

> § 301.6402–3(a)(1) In general, in the case of an overpayment of income taxes, a claim

for credit or refund of such overpayment shall be made on the appropriate income tax return.

This regulation does not apply to tax-exempt organizations, however, for Merchants Navy had no taxable liability at all, and thus had no "appropriate income tax return." Treasury Regulation § 301.6402–3(a)(1) is directed to income tax overpayment by taxable entities, whose refund or credit would then be claimed on the "appropriate income tax return." In Merchants Navy's case, there is no appropriate income tax return.

The government is incorrect in its argument that until Merchants Navy filed Form 990–T to request the refunds, Merchants Navy could not accrue interest on any of the moneys that had been improperly withheld by the custodian banks and deposited with the Service. Although Form 990–T is the form used for return of tax on unrelated business income, use of this form does not convert a refund claim for tax-exempt income into a late-filed income tax return. The Court of Federal Claims correctly held that a claim for refund is not a late-filed tax return when the organization is not required to and did not file a tax return.

Merchants Navy was not required to file an income tax return and thus could not have filed a late return. Form 990–T was not a late-filed tax return; it was a claim for refund. The Court of Federal Claims correctly held that I.R.C. § 6611(b)(3) does not apply.

### B

■ In determining the "date of the overpayment" for the purpose of accrual of interest the Court of Federal Claims relied on I.R.C. § 6611(d), which deals with "credit for income tax withholding." Section 6611(d) states that in the case of "[a]dvance payment of tax, payment of estimated tax, and credit for income tax withholding," the provisions of § 6513 determine the date of overpayment. I.R.C. § 6513(b)(3) concerns "tax withheld at the source," and establishes that such tax is deemed to have been paid on the date prescribed for filing a return:

§ 6513(b) **Prepaid income tax.**

\*   \*   \*   \*   \*   \*

(3) Any tax withheld at the source under chapter 3 shall, in respect of the recipient

of the income, be deemed to have been paid by such recipient on the last day prescribed for filing the return under section 6012 for the taxable year (determined without regard to any extension of time for filing) with respect to which such tax is allowable as a credit under section 1462. For this purpose, any exemption granted under section 6012 from the requirement of filing a return shall be disregarded.

Merchants Navy contends that the court erred in using I.R.C. § 6611(d) to invoke § 6513(b)(3) and thereby to deem the withheld sums to have been paid to the Service on the last day prescribed for Merchants Navy to file a tax return. Merchants Navy argues that no such date is prescribed for it as a tax-exempt organization because its exemption from filing is not based on § 6012, the focus of § 6513(b), and thus that § 6513(b) does not apply to it. The government argues that § 6513(b)(3) did apply to Merchants Navy until it received formal recognition of its tax-exempt status as a labor organization, on December 14, 1989. However, the government's position is not correct, for Merchants Navy was not required to file a return or to obtain formal recognition of its status.

The legislative history of I.R.C. § 501(c) states:

As under present law, the nature of the *organization itself—not the determination of the Service—will control* in determining whether the organization is exempt.

S. Rep. No. 91–552, at 53–54 (1969) (explaining amendment requiring new organizations exempt under § 501(c)(3) to obtain recognition of their status). Although today organizations exempt under § 501(c)(3) and certain other subsections are required to apply for recognition of exemption, organizations exempt under § 501(c)(5) remain free of this requirement. *See* Steven D. Simpson, *Tax–Exempt Organizations: Organization, Operation and Reporting Requirements,* Tax Mgmt.(BNA) 870, at A–5 (1995):

Except for certain organizations described in § 501(c)(3), (9), (17), or (20), the Code does not require organizations to apply for recognition of exemption.

None of the Service's documents of record challenges the tax-exempt status of Merchants Navy for the tax years 1985–89. It was not disputed that Merchants Navy's right to recover the withheld dividends was grounded on its tax-exempt status. Nonetheless, in August 1988 Merchants Navy requested formal recognition of its tax-exempt status, and on December 14, 1989 the Service sent a notice that it had "determined you are exempt from United States income tax" under I.R.C. §§ 501(a) and 501(c)(5). The Service confirmed that:

> Unless you are subject to the tax imposed by section 511 of the Code [unrelated business income] and are required to file Form 990–T, Exempt Organization Business Income Tax Return, you are not required to file United States income tax returns for income you receive from sources within the United States.

Since Merchants Navy had no unrelated business income it was not required to file, and did not file, income tax returns for 1985 through 1989, the tax years at issue.

Thus Merchants Navy is correct that § 6513(b)(3) does not apply. This provision relates to taxes withheld on behalf of a taxable foreign entity, and sets the date on which such taxes are deemed paid when the taxable foreign entity is excused from filing a return because it is not engaged in business in the United States and the amount withheld is sufficient to cover its entire tax liability. Merchants Navy was not a taxable foreign entity exempted from filing a return because its tax liability was fully satisfied by withholding; Merchants Navy was tax-exempt under § 501(c)(5), and was not required to file a return under § 6012(a)(2). Thus by its terms, § 6513 does not apply.

The Court of Federal Claims erred in concluding that Merchants Navy should be viewed as subject to the "deemed paid" provision of § 6513(b)(3).

*C*

█ The custodian banks were required to "make on or before March 15 an annual return on Form 1042 of the tax required to be withheld under chapter 3 [includes § 1442] of the Code during the preceding calendar year." Treas. Reg. § 1.1461–2(b)(1). A withholding agent is required to remit the withholding to the Service on a quarterly or monthly basis, depending on the amount of tax withheld. Treas. Reg. § 1.6302–2(a)(1)(i) and (ii). Thus the Service had actual possession of the withheld moneys no later than the date of the banks' annual returns on Form 1042.

The purpose of the interest provisions in tax law is to remove the factor of the time value of money from tax procedures, in fairness to the public and to the public fisc. The government does not dispute that it had no right to receive or hold Merchants Navy's money, and that it had knowledge that it was in possession of Merchants Navy's money no later than when the custodian banks filed their annual withholding returns.

I.R.C. § 6611(b)(2) provides that interest runs from the date of the overpayment. Merchants Navy does not now request interest from the date of actual overpayment, but only from the date of the banks' annual returns as withholding agent. Treasury Regulation § 1.6302–2(b)(5) provides that the withheld sums are deemed paid as of the March 15 due date for filing the returns on Form 1042:

> **§ 1.6302–2(b)(5) Time deemed paid.**
>
> In general amounts deposited under this section shall be considered as paid on the last day prescribed for filing the return (Form 1042) in respect of such tax (determined without regard to any extension of time for filing such return), or at the time deposited, whichever is later.

The Service does not dispute that the custodian banks timely deposited the sums withheld from the dividends paid to Merchants Navy. The custodian banks, in withholding the percentage and making a "return of the tax," were doing so on behalf of Merchants Navy.

We conclude that March 15, the date prescribed for the annual returns reporting the withholding to the Treasury, is the date from which interest accrues because it is the date the overpayment was deemed paid.

SUMMARY

The Court of Federal Claims correctly determined that I.R.C. § 6611(b)(3) does not

apply. Nor do I.R.C. §§ 6611(d) and 6513(b), for these provisions concern only taxable income. The amounts withheld on behalf of Merchants Navy were deemed paid to the Treasury no later than the due dates of the annual returns that were filed reporting this withholding. Interest accrued from those dates; that is, from March 15 following the close of the tax year in which the withholding was made. The judgment is modified accordingly. We remand for appropriate further proceedings.

### COSTS

Costs to Merchants Navy.

*MODIFIED AND REMANDED.*