**STATE OF MICHIGAN and its Michigan Education Trust, Plaintiffs–Appellants,**

v.

**UNITED STATES of America, Defendant–Appellee.**

No. 97–1185.

United States Court of Appeals, Sixth Circuit.

Argued March 13, 1998.

Decided April 15, 1998.

Michael W. Hartmann (argued and briefed), Karl N. Gellert (briefed), Miller, Canfield, Paddock & Stone, Detroit, MI, for Plaintiffs–Appellants.

Richard Farber (argued and briefed), Steven W. Parks (briefed), U.S. Department of Justice, Appellate Section Tax Division, Washington, DC, for Defendant–Appellee.

Before: RYAN, COLE, and GILMAN, Circuit Judges.

GILMAN, Circuit Judge.

The state of Michigan and its Michigan Education Trust (collectively "MET") appeal from a judgment entered in favor of the Internal Revenue Service (the "IRS") regarding when interest should accrue on estimated tax payments made under protest by MET and subsequently refunded by the IRS. The IRS, which concedes MET's entitlement to interest on the amounts refunded, determined that such interest should accrue only from the date a return was due for each of the fiscal years in question (1988 through 1994). MET, on the other hand, contends that interest on each estimated tax payment should accrue from the date of its actual payment to the IRS. While this dispute may appear minor and highly technical, the absolute dollars involved are substantial. According to MET's calculations, the additional interest due if its position is correct amounted to approximately $4 million as of March 1, 1996. The district court, on cross-motions for summary judgment, ruled in favor of the IRS and entered judgment accordingly. For the reasons set forth below, we **REVERSE**.

## I. FACTUAL BACKGROUND

The material facts in this case are not in dispute. In December of 1986, the state of Michigan established MET as a mechanism through which Michigan offers a prepaid college tuition plan. MET receives payments for future college tuition, invests those payments, and ultimately makes disbursements under a program that allows the plan's beneficiaries to attend any of Michigan's public colleges or universities without further tuition cost. Before accepting applications, MET sought a ruling from the IRS as to whether MET's accrued investment income would be exempt from federal taxation. In response, the IRS issued MET a private letter ruling which concluded that MET was "created as a corporation" and thus its income was subject to federal taxation. Because of that ruling, MET began making quarterly payments of estimated income tax and filing returns as a corporation. Because MET elected to file based upon a fiscal year ending September 30, it was required under I.R.C. § 6072(b) to file a return for each

fiscal year on or before December 15 of that year. The first return that MET filed was for the fiscal year ending September 30, 1988. MET later amended that return to claim no tax liability and entitlement to a refund.

In May of 1990, MET filed an action in the district court seeking (1) a determination that MET's investment income was not subject to federal taxation, and (2) a refund of tax payments, plus interest, with respect to MET's fiscal year ending September 30, 1988 (the 1990 action). In July of 1992, the district court entered summary judgment in favor of the IRS after concluding that MET's income was subject to federal taxation. *Michigan v. United States,* 802 F.Supp. 120 (W.D.Mich.1992). MET appealed the district court's ruling to this court. In the interim between MET's filing of its 1988 tax return and this court's disposition of the appeal in November of 1994, MET continued to make quarterly payments of estimated tax, to file annual returns reporting tax liability for each fiscal year, and to file amended returns for such years claiming no tax liability and entitlement to a refund.

This court reversed the district court's entry of summary judgment in favor of the IRS in the 1990 action after ruling that MET was a state agency and, therefore, its investment income was not subject to federal taxation. *Michigan v. United States,* 40 F.3d 817, 818 (6th Cir.1994). In September of 1995, MET filed a second lawsuit against the IRS (the present action) after MET received from the IRS a refund of tax payments, plus interest, solely with respect to its fiscal year ending September 30, 1994. MET eventually received a refund of all tax payments, plus approximately $13.5 million in interest, with respect to the fiscal years from 1988 through 1994.

In calculating the interest due MET, the IRS deemed MET's tax payments for each fiscal year to have been made on December 15 of that year, since that was the due date for filing corporate tax returns based upon MET's fiscal year. The IRS relied upon I.R.C. §§ 6513(b)(2) and 6611(d) to support its position. These sections specifically re-

late to when estimated tax payments are deemed to have been made.

In opposition to the IRS's determination, MET argues that it is entitled to interest on each estimated tax payment from the date of its actual payment to the IRS. MET relies upon 28 U.S.C. § 2411, which provides for interest on judgments against the government "from the date of the payment or collection" of any overpayment, and upon I.R.C. § 6611(b)(2), a general interest provision allowing for interest on tax overpayments "from the date of the overpayment ..." In response to the IRS's position, MET maintains that I.R.C. § 6513(b)(2) does not apply to non-taxable entities such as MET because such entities have no obligation to file a corporate tax return. Finally, MET cites *Greyhound Corp. v. United States,* 495 F.2d 863 (9th Cir.1974), *General Dynamics Corp. v. United States,* 163 Ct.Cl. 219, 324 F.2d 971 (1963), and *General Motors Corp. v. United States,* 389 F.Supp. 245 (E.D.Mich.1975), for the proposition that the IRS may not use the specific statutory provision relating to estimated tax payments contained in I.R.C. § 6513(b)(2) to deprive MET of the interest to which it is otherwise entitled under the general interest provision of I.R.C. § 6611(b)(2) when the estimated tax payments were prompted by an erroneous IRS ruling.

The interest dispute came before the district court by way of the parties' cross-motions for summary judgment. After concluding that the IRS's position was correct as a matter of statutory interpretation, the district court granted the IRS's motion for summary judgment and denied MET's motion for summary judgment. *Michigan v. United States,* 950 F.Supp. 205, 210 (W.D.Mich. 1996). On December 18, 1996, the district court entered judgment in favor of the IRS. MET now appeals from that judgment.

## II. ANALYSIS

■ The present appeal involves a district court's grant of summary judgment and resolution of an issue of statutory construction, both of which this court reviews *de novo. Douglas v. Babcock,* 990 F.2d 875, 877 (6th Cir.1993).

■ I.R.C. § 6611 provides in relevant part as follows:

**§ 6611. Interest on overpayments**

**(a) Rate.**—Interest shall be allowed and paid upon any overpayment in respect of any internal revenue tax at the overpayment rate established under section 6621.

**(b) Period.**—Such interest shall be allowed and paid as follows:

. . . .

(2) **Refunds.**—In the case of a refund, *from the date of the overpayment* to a date ... preceding the date of the refund check by not more than 30 days, whether or not such refund check is accepted by the taxpayer after tender of such check to the taxpayer. The acceptance of such check shall be without prejudice to any right of the taxpayer to claim any additional overpayment and interest thereon.

(emphasis added). As mentioned earlier, the IRS relies upon I.R.C. §§ 6513(b)(2) and 6611(d) in support of its contention that interest on MET's estimated tax payments for each fiscal year should only accrue from the due date for filing corporate returns based upon MET's fiscal year. I.R.C. § 6611(d) provides in relevant part as follows:

**§ 6611. Interest on overpayments**

. . . .

**(d) Advance payment of tax, *payment of estimated tax,* and credit for income tax withholding.**—The provisions of section 6513 ... applicable in determining the date of payment of tax for purposes of determining the period of limitation on credit or refund, shall be applicable in determining the date of payment for purposes of subsection (a).

(emphasis added). In light of I.R.C. § 6611(d)'s directive, we refer to I.R.C. § 6513 to determine the effective date of an estimated tax payment. I.R.C. § 6513 provides in relevant part as follows:

**§ 6513. Time return deemed filed and tax considered paid**

. . . .

**(b) Prepaid income tax.**—For purposes of section 6511 or 6512—

. . . .

(2) Any amount paid as estimated income tax for any taxable year shall be deemed to have been paid on the last day *prescribed for filing the return under section 6012* for such taxable year (determined without regard to any extension of time for filing such return).

(emphasis added). Although MET filed returns under I.R.C. § 6012 for its fiscal years ending September 30, 1988 through 1994, the 1994 ruling of this court confirmed that MET was under no obligation to do so. Accordingly, MET contends that I.R.C. § 6513(b)(2) is not applicable under these circumstances.

The district court, however, was not persuaded that I.R.C. § 6513(b)(2)'s reference to "the last day prescribed for filing the return under section 6012" necessarily implies that a taxpayer must be obliged to file a return for I.R.C. § 6513(b)(2) to apply. Citing *Little People's School, Inc. v. United States*, 842 F.2d 570 (1st Cir.1988), the district court construed I.R.C. § 6513(b)(2)'s reference to I.R.C. § 6012 as simply identifying the date upon which payments of estimated tax "by any and all taxpayers are deemed to have been paid." *Michigan*, 950 F.Supp. at 208. We disagree with the district court's construction of I.R.C. § 6513(b)(2).

In *Little People's School*, the school was exempt from federal taxation under I.R.C. § 501(c)(3) and thus not required to file returns. From 1978 through 1981, the school erroneously paid unemployment taxes. In 1985, the school realized its error and filed refund claims with the IRS. The IRS disallowed the refund claims as untimely because they were not filed until after the expiration of the applicable limitations period set forth in I.R.C. § 6511(a), which provides in relevant part as follows:

§ 6511. **Limitations on credit or refund**

(a) **Period of limitation on filing claim.**—Claim for credit or refund of an overpayment of any tax imposed by this title *in respect of which tax the taxpayer is required to file a return* shall be filed by the taxpayer within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires the later. . . .

(emphasis added). The school thereafter brought an action in federal district court to recover the erroneous payments of unemployment tax. The IRS moved to dismiss the action on the basis that the school's failure to timely file its refund claims under I.R.C. § 6511(a) deprived the court of jurisdiction. The district court, however, construed I.R.C. § 6511(a)'s first sentence as applying only to an entity required to file a return. Because the school was not required to file a return, the district court ruled that I.R.C. § 6511(a) did not bar the school's refund claims.

In reversing the ruling of the district court, the First Circuit interpreted the disputed first sentence of I.R.C. § 6511(a) as "applying to *all* taxes payable by return, reading the provision's reference to 'the taxpayer' as a reference to a generic taxpayer (*i.e.*, 'a taxpayer'), and not to the particular taxpayer seeking a refund in a particular instance." *Little People's School*, 842 F.2d at 574. In so ruling, the court stated that its interpretation of I.R.C. § 6511(a) was the most reasonable means of harmonizing that provision with I.R.C. § 7422(a), a section that makes the filing of a claim for a tax refund a prerequisite to maintaining a civil action for such refund.

We are not satisfied that *Little People's School* is persuasive in determining whether I.R.C. § 6513(b)(2) applies to entities not required to file a return under I.R.C. § 6012. The First Circuit based its decision upon a strained interpretation of I.R.C. § 6511(a) in conjunction with I.R.C. § 7422(a), neither of which is implicated in the present matter.

We are, however, persuaded by the rationale recently set forth by the Federal Circuit in *Mnopf Trustees Limited (Merchants Navy) v. United States*, 123 F.3d 1460 (Fed. Cir.1997). Unlike *Little People's School,* the *Merchants Navy* case involved a construction of I.R.C. §§ 6513 and 6611, both of which are implicated in the present matter. In *Merchants Navy*, several foreign labor organizations (collectively "Merchants Navy") invested in securities of certain United States corporations. Various banks acted as

custodians for these investments ("the custodian banks") and received dividends for Merchants Navy. From 1985 through 1989, the custodian banks withheld 30 percent of the dividends and transmitted the withholdings to the IRS pursuant to I.R.C. §§ 1441 and 1442. Moreover, Treas. Reg. § 1.1461–2(b)(1) required that the custodian banks file a return by March 15 of the ensuing year.

Merchants Navy, however, was not required to file returns by virtue of its exemption from federal income taxation under I.R.C. §§ 501(a) and 501(c)(5). This exemption entitled Merchants Navy to a refund of the withholdings, plus interest, which it subsequently claimed by filing a Form 990–T. The IRS ultimately refunded the withholdings. Because it treated the Form 990–T as a late-filed return, however, the IRS paid interest on the withholdings only from the date that Merchants Navy filed the Form 990–T, rather than from the date that the payments were actually made. In so doing, the IRS applied I.R.C. § 6611(b)(3), which provides as follows:

§ 6611. Interest on overpayments

. . . .

(b) **Period.**—Such interest shall be allowed and paid as follows:

. . . .

(3) **Late returns.**—Notwithstanding paragraph (1) or (2) in the case of a return of tax which is filed after the last date prescribed for filing such return (determined with regard to extensions), no interest shall be allowed or paid for any day before the date on which the return is filed.

The IRS disagreed with Merchants Navy's assertion that interest on the withholdings accrued from the date that the custodian banks paid those amounts.

Merchants Navy subsequently filed an action in the Court of Federal Claims. The court declined to apply I.R.C. § 6611(b)(3), holding that the IRS may not treat a refund claim as a late-filed return when the entity in question is not required to file a return. Instead, the court applied I.R.C. § 6611(d), which provides in relevant part as follows:

§ 6611. Interest on overpayments

. . . .

(d) **Advance payment of tax, payment of estimated tax, and *credit for income tax withholding*.**—The provisions of section 6513 . . . applicable in determining the date of payment of tax for purposes of determining the period of limitation on credit or refund, shall be applicable in determining the date of payment for purposes of subsection (a).

(emphasis added). Pursuant to I.R.C. § 6611(d)'s directive, the court then examined I.R.C. § 6513(b)(3), a companion provision of I.R.C. § 6513(b)(2) that is involved in the case at bar. I.R.C. § 6513(b)(3) provides in relevant part as follows:

§ 6513. **Time return deemed filed and tax considered paid**

. . . .

(b) **Prepaid income tax.**—For purposes of section 6511 or 6512—

. . . .

(3) Any tax withheld at the source under chapter 3 shall, in respect of the recipient of the income, be deemed to have been paid by such recipient *on the last day prescribed for filing the return under section 6012* for the taxable year (determined without regard to any extension of time for filing) with respect to which such tax is allowable as a credit under section 1462. . . .

(emphasis added). Based upon the above provision, the court held that interest accrued on the withholdings from March 15 of each fiscal year, the date that Merchants Navy would have been required to file a return under I.R.C. § 6012 if its income were subject to taxation.

On Merchant Navy's appeal, the Federal Circuit determined that I.R.C. § 6611(d) was erroneously applied to invoke I.R.C. § 6513(b)(3)'s requirement that withholdings be deemed paid "on the last day prescribed for filing the return under section 6012." In so holding, the court reasoned that "Merchants Navy was tax-exempt under § 501(c)(5), and was not required to file a return under § 6012(a)(2). Thus by its terms, § 6513 does not apply." *Merchants Navy*, 123 F.3d at 1465. The court found no

merit in the IRS's position that I.R.C. § 6513(b)(3) applied to Merchants Navy until it received formal recognition of its tax-exempt status as a labor organization in December of 1989. Accordingly, the court applied I.R.C. § 6611(b)(2) to determine that interest on the withholdings accrued "from the date of the overpayment." *Merchants Navy,* 123 F.3d at 1465. The court stated as follows:

> The purpose of the interest provisions in tax law is to remove the factor of the time value of money from tax procedures, in fairness to the public and to the public fisc. The government does not dispute that it had no right to receive or hold Merchants Navy's money, and that it had knowledge that it was in possession of Merchants Navy's money no later than when the custodian banks filed their annual withholding returns.

*Id.* The court then concluded that I.R.C. §§ 6513(b) and 6611(d) did not apply, "for these provisions concern only *taxable* income." *Id.* at 1466 (emphasis added).

For the same reasons articulated by the Federal Circuit in *Merchants Navy* for not applying I.R.C. §§ 6513(b)(3) and 6611(d), we will not apply I.R.C. §§ 6513(b)(2) and 6611(d) in the present case. The 1994 ruling of this court confirmed that MET's investment income, from MET's inception, was not subject to federal taxation. MET was therefore never obligated to file a return under I.R.C. § 6012. Because I.R.C. §§ 6513(b) and 6611(d) apply only to taxable income, the general provision of I.R.C. § 6611(b)(2) controls. Accordingly, we hold that MET is entitled to interest on each estimated tax payment from the date of its actual payment to the IRS.

In light of our holding, we do not need to explore whether the amounts refunded to MET were recovered pursuant to a judgment for an overpayment within the meaning of 28 U.S.C. § 2411. Moreover, we need not analyze the previously referenced line of cases urged by MET in support of the proposition that where the IRS seeks to postpone the accrual of interest on overpayments based upon a specific statutory exception to a general rule that would otherwise be applicable,

and that exception is invoked solely because of the IRS's erroneous action, the specific exception does not apply.

## III. CONCLUSION

For the reasons set forth above, we **REVERSE** the judgment of the district court and **REMAND** the case for a calculation of the additional interest due MET in a manner consistent with this opinion.