[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 26, 2007
THOMAS K. KAHN
CLERK

_____

No. 07-11115
Non-Argument Calendar
_____

D. C. Docket No. 05-00089-CV-FTM-29-DNF

JOSEPH W. DORN,

Plaintiff-Appellant,

versus

UNITED STATES OF AMERICA,
DISCLOSURE OFFICERS, Ft. Myers, FL,
DISCLOSURE OFFICERS, Atlanta, Georgia,
DISCLOSURE OFFICERS, Jacksonville, FL,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(September 26, 2007)**

Before BIRCH, BARKETT and PRYOR, Circuit Judges.

PER CURIAM:

Joseph Dorn appeals pro se the summary judgment against his complaint for an income tax refund, see 26 U.S.C. § 7422, and damages for wrongful tax collection, see 26 U.S.C. § 7433. Although Dorn argues the merits of his tax liability, we must decide whether the district court correctly entered summary judgment on the ground that Dorn failed to exhaust his administrative remedies. We affirm.

We review a summary judgment de novo and apply the same legal standards as the district court. See United States v. Mount Sinai Medical Center of Florida, Inc., 486 F.3d 1248, 1250 (11th Cir. 2007).

The district court correctly determined that it lacked subject matter jurisdiction over Dorn's claim for a tax refund, see 26 U.S.C. § 7422. The United States, as a sovereign, is immune from suit unless it consents to be sued. United States v. Dalm, 494 U.S. 596, 608, 110 S. Ct. 1361, 1368 (1990). "The terms of [the United State's] consent to be sued in any court define that court's jurisdiction to entertain the suit." United States v. Sherwood, 312 U.S. 584, 586–87, 61 S. Ct. 767, 769 (1941). The United States has waived its sovereign immunity to allow taxpayers to file suit for tax refunds, see 28 U.S.C. § 1346(a)(1), but the taxpayer must first file an administrative claim for the refund "according to the provisions of

2

law," see 26 U.S.C. § 7422. "If the requirements of § 7422(a) are not met, a court has no subject matter jurisdiction to hear the claim for refund." Wachovia Bank, N.A. v. United States, 455 F.3d 1261, 1264 (11th Cir. 2006).

The district court correctly determined that it lacked subject matter jurisdiction to hear Dorn's complaint for a tax refund because Dorn failed to file an administrative claim for refund. See Wachovia Bank, 455 F.3d at 1264. Although Wachovia Bank addressed the failure of a taxpayer to file a claim for refund within the established time limit, see id. at 1263–64, its reasoning also applies where the taxpayer filed no claim for refund.

The district court also correctly entered judgment against Dorn's claim for damages under section 7433. Section 7433, like section 7422, requires that administrative remedies be exhausted:

> (1) **Requirement that administrative remedies be exhausted.** A judgment for damages shall not be awarded under subsection (b) unless the court determines that the plaintiff has exhausted the administrative remedies available to such plaintiff within the Internal Revenue Service.

See 26 U.S.C. § 7433(d)(1). Because Dorn failed to exhaust his administrative remedies, the district court correctly entered summary judgment against Dorn's complaint for damages.

Dorn's remaining arguments also fail. Contrary to Dorn's contention, it is

3

well settled that Federal Rule of Civil Procedure 56(c) does not require an oral hearing. See Milburn v. United States, 734 F.2d 762, 765 (11th Cir. 1984). "Rather, 10-day advance notice to the adverse party that the motion and all materials in support of or in opposition to the motion will be taken under advisement by the trial court as of a certain day satisfies the notice and hearing dictates of Rule 56." Id. (quotation and emphasis omitted). The district court gave notice that a motion for summary judgment had been filed, no oral hearing would take place, and the district court would "consider [the] motion and take the motion under advisement twenty (20) days after the motion [was] filed."

To the extent Dorn argues that the district court erred when it dismissed his complaint against the individual defendants, his argument again fails. The district court did not err when it dismissed without prejudice the complaint against C. Sills, Deborah MacMillan, and Melanie Romano because there is no evidence that Dorn effectively served them. The district court also correctly dismissed the complaint against the remaining individual defendants because Dorn's complaint sought damages for wrongful assessment and collection. Section 7433 provides the exclusive remedy for these alleged wrongs in the form of a civil action against the United States. See 26 U.S.C. § 7433.

Finally, even liberally construing Dorn's brief, see Tannenbaum v. United

4

States, 148 F.3d 1262, 1263 (11th Cir. 1998), Dorn abandons any argument about the dismissal of his remaining claims, see 26 U.S.C. §§ 7426, 7431.  See Allison v. McGhan Medical Corp., 184 F.3d 1300, 1317 n.17 (11th Cir. 1997).

The summary judgment is

**AFFIRMED.**