[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-13613
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 8, 2010
JOHN LEY
CLERK

D. C. Docket No. 09-20411-CR-CMA

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HOLGER-HELMUT BRUMMER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(March 8, 2010)

Before BLACK, CARNES and PRYOR, Circuit Judges.

PER CURIAM:

Holger-Helmut Brummer appeals the district court's order that he forfeit two

firearms and six rounds of ammunition pursuant to his conviction of knowingly and willfully failing to declare firearms to a common carrier in violation of 18 U.S.C. § 922(e). Specifically, Brummer argues that the forfeiture provision of 18 U.S.C. § 924(d)(1) does not apply to violations of § 922(e), or, in the alternative, that the district court may in its discretion refuse to order forfeiture under § 924(d)(1).

The parties do not dispute the facts. A federal grand jury indicted Brummer with knowingly and willfully delivering a package containing firearms and ammunition to a common carrier, for transportation and shipment in foreign commerce, without providing written notice to the carrier that the firearms and ammunition were being transported and shipped, in violation of 18 U.S.C. § 922(e). The indictment also called for Brummer to forfeit to the United States one Smith and Wesson .357 caliber revolver, one Walther .380 caliber pistol, and six rounds of .380 caliber ammunition upon conviction, pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c). Brummer pleaded guilty to knowingly and willfully violating § 922(e).

The district court, despite Brummer's arguments to the contrary, concluded that the forfeiture provision of § 924(d)(1) applies to violations of § 922(e). The district court also stated that if it had the discretion to do so, it would deny the

forfeiture of Brummer's weapons, but that it lacked discretion to deny forfeiture.

Brummer challenges those conclusions in this appeal. We review <u>de novo</u>

questions of statutory interpretation. <u>Chepstow Ltd. v. Hunt</u>, 381 F.3d 1077 (11th

Cir. 2004).

The forfeiture provision at issue in this appeal provides in applicable part:

Any firearm or ammunition involved in or used in any knowing violation of subsections (a)(4), (a)(6), (f), (g), (h), (i), (j), or (k) of section 922, or knowing importation or bringing into the United States or any possession thereof any firearm or ammunition in violation of section 922(l), or knowing violation of section 924, or willful violation of any other provision of this chapter or any rule or regulation promulgated thereunder, . . . shall be subject to seizure and forfeiture . . . .

18 U.S.C. § 924(d)(1). The statute under which Brummer was convicted, § 922(e),

makes it unlawful for anyone:

knowingly to deliver . . . to any common or contract carrier for transportation or shipment in . . . foreign commerce, to persons other than licensed importers, licensed manufacturers, licensed dealers, or licensed collectors, any package or other container in which there is any firearm or ammunition without written notice to the carrier that such firearm or ammunition is being transported or shipped . . . .

Brummer argues that because § 922(e) is not contained in § 924(d)(1)'s list of

"knowing" violations, a violation of § 922(e) does not fall within the ambit of the

forfeiture provision of § 924(d)(1).

Brummer's argument misses the mark. The statute that provides the penalty

3

for a violation of § 922(e) states in applicable part that "whoever . . . willfully violates any other provision of this chapter shall be fined under this title, imprisoned not more than five years, or both." 18 U.S.C. § 924(a)(1)(D); see Bryan v. United States, 524 U.S. 184, 187-88, 118 S. Ct. 1939, 1943 (1998) (explaining § 924's relation to the rest of Title 18, Chapter 44 of the United States Code). Willfulness is therefore an element of the offense under § 922(e). See United States v. Andrade, 135 F.3d 104, 108 n.2 (1st Cir. 1998); United States v. Ali, 68 F.3d 1468, 1473 (2d Cir. 1995).

The indictment charged Brummer with knowingly and willfully violating § 922(e). During his plea colloquy, Brummer acknowledged that willfulness is an element of a § 922(e) violation, and he pleaded guilty to a willful violation of § 922(e). That provision falls within the same chapter as § 924(d)(1), which provides that "any firearm or ammunition involved in or used in any . . . willful violation of any other provision of this chapter . . . shall be subject to seizure and forfeiture . . . ." Under the plain language of § 924(d)(1), the forfeiture provision applies to willful violations of § 922(e). "If the meaning of the statutory language is plain, we go no further." Wachovia Bank, N.A. v. United States, 455 F.3d 1261, 1267 (11th Cir. 2006).

Brummer also argues that, even if the forfeiture provision contained in §

924(d)(1) applies to violations of § 922(e), the district court retains discretion to deny forfeiture. Brummer bases that argument on the fact that § 924(d)(1) provides that "[a]ny firearm or ammunition involved in or used in any [of the specified offenses] shall be subject to seizure and forfeiture," not that such property "shall be forfeited." Brummer's argument is that the phrase "shall be subject to seizure and forfeiture" gives the district court discretion to return firearms and ammunition in appropriate cases.

Again, Brummer's argument misses. It completely ignores 28 U.S.C. § 2461(c), a provision cited in the part of the indictment containing the forfeiture allegations. Section 2461(c) provides:

> If a person is charged in a criminal case with a violation of an Act of Congress for which the civil or criminal forfeiture of property is authorized, the Government may include notice of the forfeiture in the indictment . . . pursuant to the Federal Rules of Criminal Procedure. If the defendant is convicted of the offense giving rise to the forfeiture, the court <u>shall</u> order the forfeiture of the property as part of the sentence in the criminal case pursuant to the Federal Rules of Criminal Procedure . . . .

(emphasis added). "The word 'shall' does not convey discretion. It is not a leeway word." <u>United States v. Quirante</u>, 486 F.3d 1273, 1275 (11th Cir. 2007).

Brummer was charged with willfully violating § 922(e). As we explained earlier, § 924(d)(1)'s forfeiture provision applies to willful violations of § 922(e). The indictment charging Brummer with violating § 922(e) included a notice of

5

forfeiture.  Brummer pleaded guilty and was convicted.  The district court therefore was required to order forfeiture of the property.  28 U.S.C. § 2461(c).  The statute directs that the court do so "pursuant to the Federal Rules of Criminal Procedure." Id.

Fed. R. Crim P. 32.2(b)(1) requires that, "[a]s soon as practical after a . . . plea of guilty or nolo contendere is accepted, on any count in an indictment or information regarding which criminal forfeiture is sought, the court must determine what property is subject to forfeiture under the applicable statute."  Rule 32.2(b)(2) explains the next step:  "If the court determines that the property is subject to forfeiture, it must promptly enter a preliminary order of forfeiture . . . directing forfeiture of the specific property . . . ."  The district court properly determined that the two guns and six rounds of ammunition involved in Brummer's willful violation of § 922(e) were subject to forfeiture under § 924(d)(1).  Fed. R. Crim. P. 32.2 therefore required the district court to direct forfeiture of the guns and ammunition.  The court lacked discretion to do otherwise.

AFFIRMED.