[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 15-11201
Non-Argument Calendar

_____

D.C. Docket No. 5:14-cr-00045-WTH-PRL-1


UNITED STATES OF AMERICA,

Plaintiff-Appellant,

versus

KALEN AMANDA KENNEDY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(November 2, 2015)


Before MARCUS, WILLIAM PRYOR, and EDMONDSON, Circuit Judges.

PER CURIAM:

The government appeals the district court's denial of its motion for a

forfeiture money judgment against Kalen Kennedy.  Kennedy has filed no cross-appeal.  Reversible error has been shown; we vacate the judgment and remand.

A one-count federal indictment charged Kennedy with stealing funds from the Social Security Administration ("SSA"), in violation of 18 U.S.C. § 641.  The indictment also included a notice of forfeiture, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), in which the government sought to forfeit $78,648:  the amount of loss sustained by the SSA as a result of Kennedy's offense.  Kennedy pleaded guilty without a plea agreement.

The government filed a motion for entry of a forfeiture judgment against Kennedy in the amount of $78,648.  At sentencing, the district court denied the government's forfeiture motion in the light of the court's order requiring Kennedy to pay $78,648 in restitution.

On appeal, the government contends that the district court erred as a matter of law by denying its forfeiture motion.  We review the district court's legal conclusions about criminal forfeiture de novo.  United States v. Browne, 505 F.3d 1229, 1278 (11th Cir. 2007).

We conclude -- and Kennedy concedes expressly -- that, as a matter of law, criminal forfeiture was mandatory in this case.  Where a defendant is convicted of an offense giving rise to a congressionally-authorized civil forfeiture and when the government has included a notice of forfeiture in the indictment, "the court shall

order the forfeiture of the property as part of the sentence in the criminal case . . . ."  28 U.S.C. § 2461(c) (emphasis added).

Kennedy's offense was subject to civil forfeiture under 18 U.S.C. § 981, which authorizes the government to seek civil forfeiture of property that either constitutes or is derived from proceeds traceable to a violation of 18 U.S.C. § 641.  See 18 U.S.C. §§ 981(a)(1)(C), 1956(c)(7)(D).  As a result, and because Kennedy's indictment included a notice of forfeiture, the sentencing court was required to order forfeiture as a part of Kennedy's sentence.  See 28 U.S.C. § 2461(c); United States v. Brummer, 598 F.3d 1248, 1250-51 (11th Cir. 2010) (when criminal forfeiture is authorized under section 2461(c), the district court has no discretion and must order forfeiture); cf. United States v. Padron, 527 F.3d 1156, 1162 (11th Cir. 2008) (applying 18 U.S.C. § 981, 1956(c)(7), and 28 U.S.C. § 2461(c) to affirm the entry of a forfeiture money judgment as part of defendant's sentence for mail fraud).  Forfeiture funds go to the Department of Justice.

The district court was also required by statute to order Kennedy to pay restitution for the full amount of loss suffered by the SSA as a result of Kennedy's offense.  See 18 U.S.C. § 3663A (when a defendant is convicted of an offense against property under Title 18, the sentencing court "shall order . . . that the defendant make restitution to the victim of the offense.").  Moreover, "because restitution and forfeiture serve distinct purposes," the district court lacked authority

3

to "offset the amount of restitution owed to a victim by the value of property forfeited to the government, or vice versa." See United States v. Joseph, 743 F.3d 1350, 1354 (11th Cir. 2014) ("While restitution seeks to make victims whole by reimbursing them for their losses, forfeiture is meant to punish the defendant by transferring his ill-gotten gains to the United States Department of Justice."). Restitution goes to the Social Security Administration, an independent agency of the federal government.

On appeal, Kennedy acknowledges that the district court was statutorily required to order both restitution and forfeiture. But she contends that, as applied to her, imposing both forms of punishment would amount to double jeopardy. The Double Jeopardy Clause "protects only against the imposition of multiple criminal punishments for the same offense, and then only when such occurs in successive proceedings." Hudson v. United States, 118 S.Ct. 488, 493 (1997) (citations and emphasis omitted).

We are unconvinced that the Double Jeopardy Clause is implicated by this appeal. Kennedy's case involves no successive proceedings. Instead, the district court was required by statute to impose simultaneously both a forfeiture and a restitution order as part of Kennedy's sentence in a single criminal prosecution. And we have upheld the imposition of both restitution and forfeiture amounts on

the basis that "restitution and forfeiture serve distinct purposes." See Joseph, 743 F.3d at 1354.

Our position is also consistent with the other circuits that have addressed the double jeopardy issue, each of which have concluded that concurrent restitution and forfeiture orders raise no double jeopardy concerns. See, e.g., United States v. Kalish, 626 F.3d 165, 169 (2nd Cir. 2010) (the "simultaneous imposition [of restitution and forfeiture] offends no constitutional provision"); United States v. Taylor, 582 F.3d 558, 566 (5th Cir. 2009) (imposition of both restitution and forfeiture for the same crime results in no double recovery to the government when the victim agency is an entity distinct from the Department of Justice ("DOJ")); United States v. Venturella, 585 F.3d 1013, 1019-20 (7th Cir. 2009) (rejecting defendant's double jeopardy argument because restitution and forfeiture serve different goals and because the victim agencies were separate entities from the DOJ).

We vacate the judgment and remand to the district court with instructions to reimpose Kennedy's sentence to include both a forfeiture money judgment and a restitution order, each in the amount of $78,648.

VACATED AND REMANDED.