[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 20-12113
Non-Argument Calendar
_____

D.C. Docket No. 1:19-cv-23988-RNS


DANIEL A. GONZALEZ,

Plaintiff-Appellant,

versus

AMAZON.COM, INC.,
a Delaware Corporation,
SUSSHI INTERNATIONAL INC.,
a Florida corporation
d.b.a. FOGO charcoal,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(February 11, 2021)

Before JORDAN, GRANT, and ANDERSON, Circuit Judges.

PER CURIAM:

Daniel Gonzalez, proceeding *pro se*, appeals the dismissal of his action under the Cuban Liberty and Democratic Solidarity Act (the "Helms-Burton Act"), 22 U.S.C. § 6082, for failure to state a claim upon which relief may be granted. He argues that he alleged facts sufficient to show that he had acquired ownership of a claim to confiscated property in Cuba, thus entitling him to sue for damages under the Helms-Burton Act.

We review a district court's ruling on a Rule 12(b)(6) motion *de novo*. *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003). We accept the allegations in the complaint as true and construe them in the light most favorable to the plaintiff. *Id.*

When interpreting a statute, "[t]he first step . . . is to determine whether the language of the statute, when considered in context, is plain." *Wachovia Bank, N.A. v. United States*, 455 F.3d 1261, 1267 (11th Cir. 2006). "Where the language Congress chose to express its intent is clear and unambiguous, that is as far as we go to ascertain its intent because we must presume that Congress said what it meant and meant what it said." *United States v. Steele*, 147 F.3d 1316, 1318 (11th Cir. 1998) (*en banc*). If a statute's language is plain, we "must enforce it according to its terms." *King v. Burwell*, 135 S. Ct. 2480, 2489 (2015).

2

Under the Helms-Burton Act, any person who "traffics in property which was confiscated by the Cuban Government on or after January 1, 1959, shall be liable to any United States national who owns the claim to such property . . . ." 22 U.S.C.A. § 6082(a)(1)(A). "In the case of property confiscated before March 12, 1996," however, "a United States national may not bring an action under this section on a claim to the confiscated property unless such national acquires ownership of the claim before March 12, 1996." *Id.* § 6082(a)(4)(B).

The language that Congress used in this provision is clear and unambiguous. A U.S. national whose property was confiscated before March 12, 1996, cannot recover damages for another person's unlawful trafficking of that property unless "such national"—i.e., the specific person bringing suit—acquired the claim to the property before March 12, 1996. And because the statute's text is plain, we have no power to waive or extend this deadline. *King*, 135 S. Ct. at 2489.[1] Gonzalez therefore needed to plausibly allege that he acquired his claim to the property at issue in this case by March 12, 1996.

Gonzalez has not done so. Rather, his amended complaint explicitly states that he did not acquire a claim to confiscated property until November of 2016. According to Gonzalez, the property to which he lays claim originally belonged to

---

[1] Furthermore, Gonzalez has waived his various arguments that there should be equitable tolling of the Helms-Burton Act's statutory deadline, because he did not raise them in the district court. *See Access Now, Inc. v. Southwest Airlines Co.*, 385 F.3d 1324, 1330 (11th Cir. 2004).

his grandfather, Manuel Gonzalez Rodriguez.  After Rodriguez's death in 1988, Gonzalez's father inherited the property.  Then, after Gonzalez's father passed away in November of 2016, Gonzalez's mother inherited the property.  She chose to give her ownership claim to Gonzalez, her eldest son, because of her advanced age and fragile health.  Nothing within Gonzalez's amended complaint suggests that he acquired a claim to his grandfather's property before that time.  Thus, even after accepting all of Gonzalez's allegations as true, those allegations show that he did not possess a claim to confiscated property until twenty years after the Helms-Burton Act's cutoff date.

For these reasons, we conclude that Gonzalez cannot recover under the Helms-Burton Act because he failed to allege that he acquired ownership of a claim to confiscated property by March 12, 1996. The district court therefore did not err in dismissing Gonzalez's amended complaint for failure to state a claim upon which relief may be granted.  Accordingly, we affirm the district court's judgment.[2]

**AFFIRMED.**

---

[2] In light of Gonzalez's failure to allege ownership of a claim to confiscated property, we decline to address his argument that his amended complaint sufficiently alleged that Amazon.com, Inc. and Susshi International, Inc. knowingly and intentionally trafficked in the confiscated property, because that issue is "not necessary to the decision of this case." *Meek v. Metro. Dade Cnty.*, 908 F.2d 1540, 1549 (11th Cir. 1990).